FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

MAR 25 2022

FOR THE DISTRICT OF NEW MEXICO

MITCHELL R. ELFERS
CLERK OF COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 21-CR-900 KG |
| | ) | |
| **MARK D. BEALE, M.D.,** | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the

Court of the following agreement between the United States Attorney for the District of New

Mexico, the defendant, **MARK D. BEALE, M.D.,** and the defendant's counsel, MARY

STILLINGER:

REPRESENTATION BY COUNSEL

1.      The defendant understands the defendant's right to be represented by an attorney

and is so represented.  The defendant has thoroughly reviewed all aspects of this case with the

defendant's attorney and is fully satisfied with that attorney's legal representation.

RIGHTS OF THE DEFENDANT

2.      The defendant further understands the following rights:

    a.      to plead not guilty;

    b.      to have a trial by jury;

    c.      to confront and cross-examine witnesses and to call witnesses to testify for
            the defense; and

    d.      against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The defendant hereby agrees to waive these rights and to plead guilty to Count 18 of the Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Unlawful Dispensing and Distributing of a Schedule II Controlled Substance.

## ELEMENTS OF THE OFFENSE

4.      The elements of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Unlawful Dispensing and Distributing of a Schedule II Controlled Substance, are:

        a.  The defendant dispensed a controlled substance;

        b.  The defendant did so knowingly and intentionally; and

        c.  The defendant dispensed the controlled substances outside the usual course of professional practice and not for a legitimate medical purpose.

## SENTENCING

5.      The defendant understands that the minimum and maximum penalty the Court can impose as to both counts is:

        a.      imprisonment for a period of not more than twenty (20) years;

        b.      a fine not to exceed $1,000,000.00;

        c.      a mandatory term of supervised release of not less than three (3) years.  (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

        d.      a mandatory special penalty assessment of $100.00; and

        e.      restitution as may be ordered by the Court.

6.      The parties are aware that the Court may accept or reject this plea agreement or may defer its decision as to acceptance or rejection until there has been an opportunity to consider

2

the presence report.  Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.      The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

8.      Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.  I recognize and accept responsibility for my criminal conduct.  Moreover, in pleading guilty, I acknowledge that

if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient

to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt,

including any facts alleged in the Indictment that increase the statutory minimum or maximum

penalties.  I specifically admit the following facts related to the charges against me, and declare

under penalty of perjury that all of these facts are true and correct:

> **From on or about July 8, 2016, and continuing to on or about April 5, 2019, I was a physician licensed by the State of New Mexico, and I practiced medicine in Las Cruces, New Mexico. During this time, I also possessed a Drug Enforcement Administration registration number, which authorized me to prescribe Schedule II through V controlled substances.**

> **Between July 2016 and April 2019, I treated many patients for psychiatry and pain management, including Jane Doe 1. While treating Jane Doe 1, I failed to document many of the prescriptions that I prescribed in her clinical record. I conducted cursory exams and did not document a therapeutic benefit from the narcotics I was prescribing for her. I failed to conduct a complete medical, physical, or psychiatric evaluation and I made no attempt to document her medical history. Jane Doe 1's record included insufficient clinical evidence to support the diagnoses I made, and the prescriptions I wrote for her were not supported by the listed diagnoses. I also failed to conduct adequate clinical monitoring like urine drug screening and prescription monitoring inquires. Despite a diagnosis of opioid abuse on more than one occasion, I did not treat the issue or refer Jane Doe 1 for appropriate care, but I continued to prescribe opioids. I also chronically prescribed opioids and benzodiazepines, which put Jane Doe 1 at unacceptable risk of addiction, diversion, or overdose.**

> **On June 29, 2018, I wrote Jane Doe 1 a prescription for 120 tablets of oxycodone hcl 30 mg.  I intended that Jane Doe 1 receive the controlled substances that I prescribed. Jane Doe 1 filled this prescription the same day. I knew the prescription was issued outside the usual course of medical practice and without a legitimate medical purpose.**

     10.     By signing this agreement, the defendant admits that there is a factual basis for each

element of the crime(s) to which the defendant will plead guilty.  The defendant agrees that the

Court may rely on any of these facts, as well as facts in the presentence report, to determine the

defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.     The United States and the defendant stipulate as follows:

a.      The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 60 months imprisonment, followed by a five-year term of supervised release, is appropriate.   The remaining components of the defendant's sentence, including but not limited to any fine or restitution, shall be imposed by the Court after the presentation of evidence and/or argument by the parties;

b.      The defendant and the United States agree that the specific sentence proposed herein shall be served concurrently with any sentence imposed in *State of New Mexico v. Mark Beale*, D-306-CR-201900869, Third Judicial District of New Mexico;

c.      The defendant and the United States agree that the sentence imposed herein shall ~~run~~ *commence 65 3/25/22* prior to any sentence imposed in *State of New Mexico v. Mark Beale*, D-306-CR-201900869, Third Judicial District of New Mexico; and

d.      The defendant and the United States agree that defendant shall self-surrender to federal custody within ninety (90) days of imposition of sentence in this matter.

## DEFENDANT'S OBLIGATIONS

12.     The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions.   The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation.   The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

13.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

15.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court.  The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).  In addition, the defendant agrees to waive any collateral attack to the defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

16.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

17.     The United States will move at the time of sentencing to dismiss Counts 1-17 and Counts 19-454 the Indictment.

18.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

21.     At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas

Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

<u>ENTIRETY OF AGREEMENT</u>

22.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 17th day of March, 2022.

FRED J. FEDERICI
United States Attorney

JONI AUBREY STAHL
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
MARK D. BEALE, M.D.
Defendant

I am the attorney for MARK D. BEALE, M.D. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
MARY STILLINGER
Attorney for Defendant

9